UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN and COURTNEY POURCIAU,　　　　　　CIVIL ACTION
INDIVIDUALLY AND ON BEHALF
OF THEIR MINOR CHILD, EMMA
POURCIAU

VERSUS　　　　　　　　　　　　　　　　　NUMBER 11-589-FJP-CN

SAUDIEL GONZALES, EL CHAPIN
AUTO TRANSPORT CORPORATION, AND
CASTLEPOINT FLORIDA INSURANCE
COMPANY

### RULING ON MOTION TO REMAND

This matter is before the Court on the Motion to Remand filed by the plaintiffs.[1] The defendants have failed to oppose this motion within 21 days as required by Local Rule 7.5M; therefore, the Court must assume that the defendants have no opposition to this motion.[2]

Further, the Court finds that the motion should be granted as a matter of fact and law. Plaintiffs have moved for remand under 28 U.S.C. § 1447(c), claiming a defect in the procedure for removal. 28 U.S.C. § 1446(b) creates a 30 day time limit for removal; the 30-day period is mandatory and must be strictly

---

[1] Rec. Doc. No. 4.

[2] *See* Local Rule 7.5M, which requires "[e]ach respondent opposing a motion is required [to] file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion."

Doc#47537

18th JDC

construed.[3] The "rule of unanimity" applies to removed cases with multiple defendants: "Absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446."[4]

Applying the "first-served defendant" rule, the Fifth Circuit requires that all defendants that have been served before removal must consent to removal within 30 days after service of the first-served defendant.[5] In order for all the defendants to consent to the removal, it is not necessary for each of them to sign the original notice of removal, but "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action."[6]

In this case, the record shows that the plaintiffs effected service of process on the defendants via the Louisiana Long Arm Statute[7] on July 25, 2011. Record Document Number 1-2, page 2,

---

[3] *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1263(5th Cir. 1988).

[4] *Id.*, at 1261-62.

[5] *Id.*, at 1263.

[6] *Id.*, at 1262, n. 11.

[7] La. R.S. 13:3201, *et seq.*

Doc#47537

shows that defendant Castlepoint Florida Insurance Company was served on August 16, 2011. Castlepoint filed a Notice of Removal on August 25, 2011. Plaintiffs moved to remand on September 12, 2011, alleging the removal is procedurally defective since the co-defendants did not timely consent to the removal as required by 28 U.S.C. § 1446. Defendants Saudiel Gonzales and El Chapin Auto Transport Corporation did file a Joinder in Removal on September 23, 2011; however, this was clearly untimely under the "first-served defendant" rule as discussed above.[8]

Therefore, pursuant to 28 U.S.C. 1447(c), this case shall be remanded back to the District Court of the Eighteenth Judicial District of the Parish of Iberville, State of Louisiana.

IT IS SO ORDERED.

Baton Rouge, Louisiana, October 21, 2011.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[8] *See e.g., Goldman v. Nationwide Mutual Insurance Company*, 2011 WL 3268853 (E.D. La., July 28, 2011)(where co-defendant filed consent to removal five days outside the 30-day time period allowed and court remanded case); *Cornella v. State Farm Fire and Cas. Co.*, No. 10-1169, 2010 WL 2605725 (E.D. La. Jun 22, 2010)(where notice confirming joinder in removal was filed 3 days after the 30-day limit for removal had expired, and court remanded case finding notice of removal failed to satisfy the requirements of Section 1446.).

Doc#47537